IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.:

SFR SERVICES L.L.C.
(a/a/o John Braun and
Barbara Braun),

       Plaintiff,

vs.

GEOVERA SPECIALTY
INSURANCE COMPANY,

       Defendant.

_____

## COMPLAINT

Plaintiff, SFR SERVICES L.L.C., by and through undersigned counsel, sues the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY (hereinafter "Defendant"), and alleges:

1.      This is an action for damages in excess of $15,000.00, exclusive of court costs, attorney's fees, and interest, and therefore within the jurisdiction of this Court.

2.      At all material times, Plaintiff, SFR SERVICES L.L.C., (hereinafter "Plaintiff"), is or was a corporation organized and existing under the laws of the State of Florida with its principal place of business in Lee County, Florida, and does business in Lee County, Florida. Plaintiff is an assignee of John Braun and Barbara Braun (hereinafter the "Assignors").

3.      At all material times, Defendant is a Florida company fully licensed to transact insurance in the State of Florida and maintains agents and/or other representatives for the transaction of its customary business in Lee County, Florida.

4.      At all material times, Defendant issued a policy of insurance which inured to the benefit of the Assignors identified as policy number GH80001030 (hereinafter the

"Policy"). The Policy provided property insurance for the Assignors' residential property located at 12590 Walden Run Dr., Fort Myers, Florida 33913 (hereinafter the "Property"). A complete copy of the Policy is presently unavailable to the Plaintiff, but should be in the possession of the Defendant herein and will be obtained through discovery.

5.      On or about September 10, 2017, the Assignors suffered substantial damages to the Property caused by Hurricane Irma.

6.      Plaintiff provided construction consulting services and other necessary services for the Assignors in connection with the subject loss.

7.      The Policy was in full force and effect on the date of the subject loss.

8.      The Policy provides insurance coverage for all of the losses, damages and expenses that Assignors have suffered and incurred with regard to the subject loss.

9.      Assignors have either actually or equitably assigned the insurance benefits which they are entitled to under the Policy to Plaintiff, by writing, parol, or other course of conduct. Hence, the Plaintiff now stands in the position of Assignors. A copy of an assignment executed and/or agreed to and/or accepted by the Assignors is attached hereto and marked as Plaintiff's Exhibit "A".

10.     Defendant was provided with prompt and timely notice of Plaintiff's claim for assigned benefits under the Policy and was promptly and timely provided with documentation of Plaintiff's assignment of benefits and estimate of damages.

11.     Defendant acknowledged Plaintiff's claim and assigned claim number HL17011045.

12.     All terms and conditions of the Policy and all conditions precedent to the bringing of the instant action have been performed, waived or excused.

13.     To date, the Defendant has breached the Policy by failing to pay Plaintiff all assigned proceeds due and owing under the Policy.

14.    Because of Defendant's breach of contract by refusal to pay said covered losses, it has become necessary for the Plaintiff to retain the services of the undersigned attorney, and has agreed to pay a reasonable fee for said services, plus necessary costs.

15.    Pursuant to Chapter 627.428, Florida Statutes, Plaintiff is entitled to recover its attorney's fees.

WHEREFORE, Plaintiff, SFR SERVICES L.L.C., demands that judgment be entered against the Defendant, for damages of all covered losses, interest on any and all overdue payments, attorney's fees, costs, and any other remedy the court deems necessary and proper and demands trial by jury of all issues triable as of right by a jury.

**ARNESEN WEBB, P.A.**
Attorneys for Plaintiff
197 South Federal Highway, Ste. 300
Boca Raton, FL  33432
Telephone:    (561)-757-6000
Facsimile:     (877)-241-2411
paris@insurancelawyers.org
eservice@insurancelawyers.org

By____*/s/ Paris R. Webb*_____
     **PARIS R. WEBB**
     Florida Bar No.: 713074



**SFR SERVICES**

GH 80001030
800-735-8086 Hotline

Jebraun@comcast.net

**Name:** John/Barbara Braun   **Insurance:** Geovera Advantage
**Claim:** HL 170/1045   **Street:** 12590 Walden Run Dr.
**City:** Ft Myers   **ST:** FL **ZIP:** 33913 **Adjuster Info:** TBD
**Mortgage:** N/A   **Phone (home):** 561-9526 **(cell):** 239-292-5895
B: 239-581-9536 / 239-839-8365

I, the Owner/Policyholder for the job site listed above, authorize SFR Services LLC to enter my property, furnish materials, supply all equipment and perform all labor necessary to preserve and protect my property from further damage. I assign my insurance claim to SFR Services in consideration for SFR Services to complete the scope of work as agreed upon by SFR Services and my insurance company as documented in the final agreed upon insurance estimate.

**ASSIGNMENT OF INSURANCE BENEFITS:** Owner assigns all insurance rights, benefits, proceeds, claims, and causes of action under any applicable insurance policies (collectively, "Benefits") to SFR Services, including without limitation claims for bad faith, attorney's fees, and costs under sections 624.155, 626.6541, 627.428, 57.041, and 92.231, Florida Statutes, for services rendered or to be rendered by SFR Services. Owner intends for all Benefits related to or for services rendered by SFR Services, related to SFR Services' labor, materials, and related costs ("Services") to be assigned solely and exclusively to SFR Services. In this regard, Owner waives all privacy rights. Owner makes this assignment in consideration for SFR Services' agreement to perform the Services, supply materials, and perform its obligations under this Agreement. Owner directs Owner's insurance carrier ("Carrier") to release all information requested by SFR Services, its representatives, and/or its attorney for the purpose of obtaining actual benefits to be paid by Carrier for services rendered or to be rendered.

**PAYMENT AUTHORIZATION:** I hereby authorize and unequivocally instruct payment of any claim payout, any related payout, and any benefits or proceeds for services rendered by SFR Services to be made payable jointly to SFR Services LLC and POLICYHOLDER with both parties on any form of payment sent to the Policyholder at their address.

**PAYMENT TERMS:** <u>Your only out of pocket obligation is your deductible for the insurance claim.</u> Owner agrees that any portion of additional work, deductible(s), betterment, or change orders requested by me, is ultimately Owner's responsibility. Payment terms to SFR Services are net-30 days after a check is received. If Owner refuses to cooperate with the Carrier, refuses to endorse and deliver to SFR Services any check from Carrier, or otherwise interferes with SFR Services providing Services or being paid as provided herein, late charges of 1.5% monthly are charged to the unpaid balance. SFR Services is entitled to reimbursement for reasonable collection costs or attorney's fees and costs for the breach, or enforcement, of any terms of this entire service agreement and SFR Services' administrative time spent enforcing this Agreement.

**COOPERATION:** Owner acknowledges and understands that Owner has no right of rescission under this Agreement. If Owner attempts to rescind, terminate, cancel, or breach (collectively, "Cancellation") this Agreement after Carrier has approved payment, and SFR Services agrees in its sole and absolute discretion to consent to such Cancellation, Owner will pay SFR Services 20% of the total amount approved by Carrier, including without limitation any supplemental claims, as liquidated damages. If Owner attempts Cancellation prior to Carrier approving payment, Owner will pay Company 20% of SFR Services' estimate.

**MISC:** If Owner does not allow SFR Services to perform its recommended procedures, Owner hereby releases, holds SFR Services harmless, and indemnifies SFR Services against all claims or actions that may result from such same. If any provision is held invalid or unenforceable by a court of competent jurisdiction, SFR Services and Owner agree that the remaining provisions will remain in full force and effect. SFR Services and Owner waive the right to claim that they were induced to enter into this Agreement by anything not expressly set forth herein.

Agreed: Homeowner & SFR Services LLC (CGC# 050863) **Must be signed by all Policyholders and/or Mortgagees**

**Accepted by:** _John E. Braun_ **Printed Name:** _John E Braun_ **Date:** _11-16-18_
**Accepted by:** _Barbara J Braun_ **Printed Name:** _Barbara Braun_ **Date:** _11-16-18_
Questions and concerns can be directed to your SFR representative: _____ **At Extension:** _____

EXHIBIT A

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.: **19CA2397**

SFR SERVICES L.L.C.
(a/a/o John Braun and
Barbara Braun),

        Plaintiff,

vs.

GEOVERA SPECIALTY
INSURANCE COMPANY,

        Defendant.

---

## SUMMONS

---

**THE STATE OF FLORIDA**

To the Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Request to Produce and Interrogatories, in this action on the Defendant:

### GEOVERA SPECIALTY INSURANCE COMPANY

DEFENDANT TO BE SERVED CARE OF:

### CHIEF FINANCIAL OFFICER as RA
### 200 E. GAINES STREET
### TALLAHASSEE FL 32399

    Each Defendant is required to serve written defenses to the Complaint on the Plaintiff's attorney, **PARIS R. WEBB, ESQ,** ARNESEN WEBB, P.A., located at 197 South Federal Highway, Suite 300, Boca Raton, FL 33432, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or

RECEIVED AS STATUTORY REGISTERED AGENT on 02 June, 2019 and served on defendant or named party on 04 June, 2019 by the Florida Department of Financial Services

immediately thereafter.  If a Defendant fails to do so, a default will be entered against that

Defendant for the relief demanded in the Complaint.   04/25/2019

        **DATED** this _____ day of _____, 2019.

                   **LINDA DOGGETT**
                   As Clerk of said Court

          BY: _____
                   As Deputy Clerk

**ARNESEN WEBB, P.A.**
Attorneys for Plaintiff
197 South Federal Highway, Ste. 300
Boca Raton, FL  33432
Telephone:   (561)-757-6000
Facsimile:    (877)-241-2411
paris@insurancelawyers.org
eservice@insurancelawyers.org

By_____/s/ Paris R. Webb_____
     **PARIS R. WEBB**
     Florida Bar No.: 713074

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>TWENTIETH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>SFR SERVICES L.L.C. (a/a/o John Braun and Barbara</u>
Plaintiff
            vs.
<u>GEOVERA SPECIALTY INSURANCE COMPANY</u>
Defendant

---

### II.    TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☒ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☒ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):

      ☒   Monetary;

      ☐   Non-monetary declaratory or injunctive relief;

      ☐   Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (    )**
      (Specify)

      1

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**

      ☐  Yes

      ☒  No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

      ☒  No

      ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**

      ☒  Yes

      ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Paris Richard Webb    FL Bar No.: 713074
      Attorney or party                       (Bar number, if attorney)

Paris Richard Webb   04/24/2019
      (Type or print name)                     Date



**Notice of Service of Process**

**TV / ALL**
**Transmittal Number: 19906447**
**Date Processed: 06/06/2019**

| | |
|---|---|
| **Primary Contact:** | Patrick Power<br>GeoVera Insurance<br>1455 Oliver Road<br>Fairfield, CA 94534 |
| **Electronic copy provided to:** | Brian Prentice<br>Robert Hagedorn |

| | |
|---|---|
| **Entity:** | GeoVera Specialty Insurance Company<br>Entity ID Number 1920518 |
| **Entity Served:** | Geovera Specialty Insurance Company |
| **Title of Action:** | SFR Services LLC (a/a/o John Braun and Barbara Braun) vs. Geovera Specialty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Lee County Circuit Court, FL |
| **Case/Reference No:** | 19CA2397 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 06/04/2019 |
| **Answer or Appearance Due:** | 20  days |
| **Originally Served On:** | FL - Department of Financial Services on 06/02/2019 |
| **How Served:** | Electronic SOP |
| Sender Information: | Paris R Webb<br>561-757-6000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*19-000144808*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| SFR SERVICES L.L.C. (A/A/O JOHN BRAUN AND BARBARA BRAUN) | **CASE #:**  **2019CA002397** |
| | **COURT:**  **CIRCUIT COURT** |
| | **COUNTY:**  **LEE** |
| PLAINTIFF(S) | **DFS-SOP #:  19-000144808** |
| VS. | |
| GEOVERA SPECIALTY INSURANCE COMPANY | |
| DEFENDANT(S) | |

_____/

SUMMONS, COMPLAINT, DISCOVERY, DOCUMENT REQUESTING THE DEPOSITION OF THE DEFENDANT'S CORPORATE REPRESENTATIVE

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Sunday, June 2, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, June 4, 2019 to the designated agent for the named entity as shown below.

GEOVERA SPECIALTY INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

JAY ARNESEN
ARNESEN WEBB, P.A.
900 N. FEDERAL HWY.
STE 280
BOCA RATON, FL 33432

CN1

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                                    CIVIL ACTION

CASE NO: 19-CA-002397

SFR SERVICES LLC, aao Braun, John
    Plaintiff
vs
GEOVERA SPECIALTY INSURANCE COMPANY
    Defendant

_____ /

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

    PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

    1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order
with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of
the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's
fees on copies for each Standing Order issued and attached to the Summons.

    2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases. This Court has
adopted a case management system to help meet those guidelines. In contested cases (other than
residential mortgage foreclosures which have a separate standing order and case management
track; involuntary commitment of sexually violent predators; and eminent domain cases), the
parties are required to participate in the case management system. The case management system
requires early consultation and cooperation among the parties for the preparation and submission
of an Agreed Case Management Plan, early interaction with a Civil Case Manager and early
involvement by the Court. The Agreed Case Management Plan requires the parties to identify a
case track, confer in a good faith attempt to narrow the matters in controversy, identify the issues
that require direct involvement by the Court, and establish a schedule for addressing those
issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at:
[http://www.ca.cjis20.org/web/main/civil.asp].
    Unless all of the Defendants have been served and have defaulted, an Agreed Case
Management Plan will be submitted to the Civil Case Manager, at the Lee County Justice Center,
1700 Monroe Street, Fort Myers, FL 33901, on or before 150 days from the date of filing of the
initial complaint. If the parties are unable to agree on an Agreed Case Management Plan, a case
management conference will be scheduled by the Court. If a case management conference is
scheduled, attendance by trial counsel and those parties who are not represented by counsel is
mandatory.

---

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)(B).

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

5. **CONTACT INFORMATION.** Attorneys and pro se parties are required to keep the court apprised of their current address, telephone numbers and email address. This information is also required to be included in all pleadings filed in your case.

DONE AND ORDERED in Chambers at Fort Myers, Lee County, Florida.

*Alane C. Laboda (electronically signed)*
**Administrative Circuit Judge**

**\*\*\*\*\*Original on file in the office of the Circuit Court Administrative Judge, Lee County**

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA**                                                    **CIVIL DIVISION**

PROCRAFT EXTERIORS, LLC,
aao John Braun,

      Plaintiffs,

vs.                                                  CASE NO: 19-CA-2397

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

### ORDER OF REASSIGNMENT

    THE ABOVE-STYLED cause is hereby reassigned to the Honorable

Michael T. McHugh, Judge of said Court.

    **THE CLERK** shall notify all parties hereto.

    **DONE AND ORDERED** in Chambers at Fort Myers, Lee County,

Florida, this ___3rd___ day of ___May___, 2019.

                *Alane C. Laboda (electronically signed)*
                Alane C. Laboda
                Administrative Civil Judge

cc:  Honorable Michael T. McHugh
     Honorable James R. Shenko
     Paris R. Webb, Esquire
     Geovera Specialty Insurance Company
     c/o: Chief Financial Officer, RA
         State of Florida
         Division of Legal Services
         200 E. Gaines St.
         Tallahassee, FL 32399
     Court Administration

SAW:sdh
(Not Recusal)

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.:

SFR SERVICES L.L.C.
(a/a/o John Braun and
Barbara Braun),

        Plaintiff,

vs.

GEOVERA SPECIALTY
INSURANCE COMPANY,

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, SFR SERVICES L.L.C., by and through undersigned counsel, requests the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, to produce for inspection and copying the following documents, at the offices of the undersigned, or in the alternative, that Defendant mail copies of the same to the undersigned within the time prescribed by the Florida Rules of Civil Procedure.

### DEFINITION OF TERMS

As used in this Request for Production, the following terms and definitions are intended to apply:

A.      As used herein the term "Plaintiff," means Plaintiff, SFR Services L.L.C.

B.      As used herein the term "Assignors," means the insureds/Assignors, John Braun and Barbara Braun.

C.      As used herein the term, "Insurance Company," means the Defendant, , including all of its past and present affiliates, subsidiaries, and parent, and all their respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of their behalf.

D.      When used herein "you" or "your" shall mean the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, its partners, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons over whom it has control or who have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

E.      As used herein the term "document" or "documents" mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries, memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, inter-office and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, etc.

F.      As used herein "communication" means the transmission, sharing or exchange of information or knowledge in any form, by one with another.

G.      As used herein the term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

H.   To "identify a document" shall mean to state with respect thereto:

a. The identity of the person who prepared it;

b. The identity of the person who signed it or in whose name it was issued;

c. The identity of each person to whom it was addressed or distributed;

d. The nature or substance of the document with sufficient particularity to enable it to be identified;

e. Its date, and if it bears no date, the date when it was prepared; and

f. The physical location of the document and the custodian or custodians thereof.

I.      To "identify a person" with reference to a natural person means to give his name, his last known address and if employed, the name and address of his employer and his job title or position.  To identify a person, who is not an individual, means to state the name and principal office of such person.

J.      As used herein the term "insurance policy" shall mean the insurance policy that was issued by the Insurance Company to the Assignors and is the subject of the Complaint.

K.      As used herein the term "property" shall mean the Assignors' insured property.

L.      As used herein the term "insurance claim" shall mean the Defendant's insurance claim number assigned to the Assignors' and Plaintiff's claim which is the subject of the Complaint.

<u>INSTRUCTIONS FOR USE</u>

1.      All information to be divulged which is in the possession, custody or control of the individual party, its attorney, investigators, agents, employees or other representatives of the named party and its attorney. If the party does not physically have a copy of the documents, but the party has a right to request a copy of the documents from the person or entity that has a copy of the documents, the party must obtain a copy and produce the document.

2.      If any attorney/client privilege or any other privilege is claimed as to any document called for by this request, the response shall state the date of the document, the name and address of the person who prepared it and the person to whom it was directed or circulated and the name and address of the person now in possession of the document, a description of the subject matter of the document, and the specific nature of the privilege claimed with respect to the document.

<u>DOCUMENTS TO BE PRODUCED</u>

1.   Any and all correspondence between the Plaintiff, including persons acting on behalf of Plaintiff, and the Insurance Company, including its agents, regarding the subject matter of the instant litigation.

2.  Any and all correspondence between the Assignors, including persons acting on behalf of the Assignors, and the Insurance Company, including its agents, regarding the subject matter of the instant litigation.

3.  Any and all photographs or video reproductions of the Assignors' insured property, which is the subject matter of this litigation.

4.  Any and all statements, in whatever form or media, taken by the Insurance Company regarding the loss which is the subject matter of this litigation.

5.  Any and all statements, in whatever format or media, and transcripts of all statements, given by the Plaintiff to the Insurance Company.

6.  Any and all statements, in whatever format or media, and transcripts of all statements, given by the Assignors to the Insurance Company.

7.  Copies of any and all investigative reports by any person or organization regarding the loss, made prior to the filing of the lawsuit.

8.  Any and all expert reports pertaining to the cause of the subject loss.

9.  All inter-office memoranda or other form of written communication of any employee of the Insurance Company relating to the continued processing of the insurance claim made prior to the filing of the lawsuit.

10. Any materials, documents or tangible things provided to the Insurance Company or its agents by the Plaintiff and/or Assignors, or persons acting on behalf of Plaintiff and/or Assignors, following the loss.

11. The underwriting file pertaining to the subject risk and the insurance policy to the present time, including but not limited to the file folder or file folders themselves, exhibit folder, all papers, documents and investigative reports directly pertaining to the insurance policy, including but not limited to inter-office memoranda or those pertaining to the above-mentioned insurance policy or any and all written communications or statements made between the Insurance Company and other parties, which directly pertain to the insurance

policy.

12.   Any materials, documents or tangible things obtained as the "agency file" or agent's file.

13.   All appraisals of loss or value of loss prepared by, for, or on behalf of the Insurance Company regarding the subject loss.

14.   All estimates of loss pertaining to the property.

15.   Copies of any diagrams, models, drawings, sketches, blueprints or any other reproduction of the subject risk made before or after the subject loss.

16.   Copies of any and all property claims manuals of the Insurance Company which in any way pertain to the handling of property losses and any manuals or portions thereof which would pertain to the methods, procedures and practices of the Insurance Company regarding the handling of the insurance claim.

17.   Copies of any and all Proof of Loss forms with supporting documents, if any.

18.   The complete claims file pertaining to the insurance claim from the date of the loss to the time of the filing of the lawsuit.  If any portion of the claims file is withheld under a claim of privilege, produce a detailed privilege log containing sufficient information to identify each document or item withheld and the privilege claimed with respect to each document or item withheld.

19.   Any and all inter-office memoranda or other forms of written communication of any employee of the Insurance Company relating to the initial processing of the insurance claim when the Insurance Company first received said claim.

20.   Any and all written communication between the Insurance Company and any third party concerning the processing of the insurance claim.

21.   All investigative reports concerning the insurance claim and all written communications between the Insurance Company and any third party concerning said report(s).

22.   All inter-office memoranda or other form of written communication of any employee of the Insurance Company concerning any portion of the insurance claim.

23. All investigative reports of the Insurance Company concerning the Plaintiff, taken by or on behalf of the Insurance Company, concerning any portion of the insurance claim.

24. All investigative reports of the Insurance Company concerning the Assignors, taken by or on behalf of the Insurance Company, concerning any portion of the insurance claim.

25. Any and all property underwriting manuals which, in any way, pertain to methods, rules, processes, procedures or practices of the Insurance Company regarding the underwriting of the insurance claim.

26. Any and all materials received from the Plaintiff, Assignors, or persons acting on behalf of Plaintiff or the Assignors, regarding the subject matter of the instant litigation that has not been produced in response to any other Request to Produce from Plaintiff.

27. Copy of the insurance policy, certified as true and accurate as of the date of loss.

28. Copies of all payments, in whatever form or media, made to or on behalf of Plaintiff.

29. Copies of all payments, in whatever form or media, made to or on behalf of Assignors.

30. All transcripts of examination(s) under oath taken of the Plaintiff's representatives, the Assignors, or connected with the insurance claim.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED, that a true and correct copy of the foregoing was furnished to GEOVERA SPECIALTY INSURANCE COMPANY, with the Summons and Complaint.

**ARNESEN WEBB, P.A.**
Attorneys for Plaintiff
197 South Federal Highway, Ste. 300
Boca Raton, FL  33432
Telephone:    (561)-757-6000
Facsimile:     (877)-241-2411
paris@insurancelawyers.org
eservice@insurancelawyers.org

By_____/s/ Paris R. Webb_____
**PARIS R. WEBB**
Florida Bar No.: 713074

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.:

SFR SERVICES L.L.C.
(a/a/o John Braun and
Barbara Braun),

       Plaintiff,

vs.

GEOVERA SPECIALTY
INSURANCE COMPANY,

      Defendant.

---

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

---

The Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, is hereby requested and required to answer, under oath in writing, the attached Interrogatories (numbered 1-22) propounded by the Plaintiff, SFR SERVICES L.L.C., within the time allowed by Rule 1.240 of the Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED, that a true and correct copy of the foregoing was furnished to GEOVERA SPECIALTY INSURANCE COMPANY with the Summons and Complaint.

**ARNESEN WEBB, P.A.**
Attorneys for Plaintiff
197 South Federal Highway, Ste. 300
Boca Raton, FL 33432
Telephone:    (561)-757-6000
Facsimile:    (877)-241-2411
paris@insurancelawyers.org
eservice@insurancelawyers.org

By____ /s/ Paris R. Webb_____
    **PARIS R. WEBB**
    Florida Bar No.: 713074

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

In accordance with Rules I.280 and I.340 of the Florida Rules of Civil Procedure, the Defendant is hereby required within thirty (30) days after service hereof to answer the attached Interrogatories numbered I through 25 in writing and under oath, to insert said answers upon the original and copy served, and to serve copies to all counsel of record pursuant to the Rules.

## DEFINITIONS

A.      As used herein the term "Plaintiff," means Plaintiff, SFR SERVICES L.L.C.

B.      As used herein the term "Assignors," means the insureds/ Assignors, John Braun and Barbara Braun.

C.      As used herein the term, "Insurance Company," means the Defendant, GeoVera Specialty Insurance Company, including all of its past and present affiliates, subsidiaries, and parent, and all their respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of their behalf.

D.      When used herein "you" or "your" shall mean the Defendant, GeoVera Specialty Insurance Company, its partners, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons over whom it has control or who have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

E.      As used herein the term "document" or "documents" mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries, memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, inter-office and intra-office communications, quotations,

offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, etc.

F.     As used herein "communication" means the transmission, sharing or exchange of information or knowledge in any form, by one with another.

G.     As used herein the term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

H.     As used herein the term "insurance policy" shall mean the insurance policy that was issued by the Insurance Company to the Assignor and is the subject of the Complaint.

I.     As used herein the term "property" shall mean the Assignor's insured property.

J.     As used herein the term "insurance claim" shall mean the Defendant's insurance claim number assigned to the Assignor's and Plaintiff's claim which is the subject of the Complaint.

K.     To "identify a document" shall mean to state with respect thereto:

A.  The identity of the person who prepared it;

B.  The identity of the person who signed it or in whose name it was issued;

C.  The identity of each person to whom it was addressed or distributed;

D.  The nature or substance of the document with sufficient particularity to enable it to be identified;

E.   Its date, and if it bears no date, the date when it was prepared; and

F.   The physical location of the document and the custodian or custodians thereof.

L.     To "identify a person" with reference to a natural person means to give his name, his last known address and if employed, the name and address of his employer and his job title or position.  To identify a person who is not an individual, means to state the name and principal office of such person.

M.      If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these interrogatories, then with respect to each such document, state its date, author(s), recipient(s), present and all previous custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

N.      If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable to any event or occurrence including any oral communication, the identification of which is sought by these interrogatories, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

O.      If any document the identification of which is sought by these interrogatories has been destroyed, then state the date and circumstances of its destruction, and identify the person who destroyed the documents and the person who ordered its destruction.

## **INTERROGATORIES**

1.      State the name, title and address of each person(s) who assisted in the formulation of the answers to these Interrogatories.

2.      State the name, address, and title of each person(s) who had any role, whatsoever, in analyzing or adjusting the insurance claim, giving a brief description of each person's responsibilities and actions regarding this matter.

3.      State the names, addresses, phone numbers and titles of the following:

       a.      Any person known to you or your attorneys who has any relevant knowledge of the issues, which form the basis of this litigation, whether or not that knowledge supports your position, and state the nature or general substance of each person(s) knowledge.

       b.      All persons believed or known by you to have heard or who is purported to have heard anyone on behalf of Plaintiff and/or the Assignors make any communication concerning the subject matter of the Complaint and state the substance of each communication.

       c.      All persons believed or known by you to have heard or who is purported to have heard Plaintiff and/or the Assignors make any communication concerning the subject matter of the Complaint and state the substance of each communication.

4.      State with specificity all contractual amounts owed to Plaintiff by the Insurance Company as a result of the loss and damage, which forms the basis of this litigation, whether or not payment has been tendered to Plaintiff.

5.      With respect to each amount listed in the preceding interrogatory:

       a.      Identify the specific provision of the insurance policy, which provides the basis for the amount owed.

       b.      Disclose with specificity sufficient to effect service of process the identity of every person and entity upon whom the Insurance Company relies in determining the amounts owed to Plaintiff.

6.      State with specificity all contractual amounts owed to Assignors by the Insurance Company as a result of the loss and damage, which forms the basis of this litigation, whether or not payment has been tendered to Assignors.

7.      With respect to each amount listed in the preceding interrogatory:

   a.   Identify the specific provision of the insurance policy, which provides the basis for the amount owed.

   b.   Disclose with specificity sufficient to effect service of process the identity of every person and entity upon whom the Insurance Company relies in determining the amounts owed to Assignors.

8.      State whether Plaintiff and/or Assignors made any previous claims to the Insurance Company on the insurance policy that is the subject of this litigation, or any other policy with the Insurance Company, and for each previous claim state:

   a.   The nature of the claim

   b.   The date of the claim

   c.   The amount claimed; and

      d.   The amount paid by the Insurance Company on this claim.

9.      Identify by name, author and date of report, all reports, estimates, evaluations, appraisals, or similar documents prepared by or on behalf of the Insurance Company concerning the insurance claim and/or any aspect of the loss and damage that underlies this litigation.

10.     Please list when, if at all, you or anyone on your behalf inspected the property.  Your answer should provide the name of the person or entity performing the inspection, the reason the inspection was ordered, what part of the property was inspected, the date(s) of the inspection and the results of the inspection, including whether a written report was prepared based upon the inspection and the date of the report.

11.     Identify by name and address all persons participating in or assisting in the preparation of the following:

      a.   Any inventory, lists, etc. of the real and/or personal property of Assignors damaged or destroyed in the loss that underlies this litigation.

      b.   Any and all statements and/or proofs of loss filed with the Insurance Company by or on behalf of the Plaintiff and/or Assignors.

12.     Identify all expert witnesses you have retained or consulted which you will or may call to testify at the trial of this litigation and state the subject matter to which each is expected to testify.

13.     Disclose with specificity sufficient to effect service of process the identity of all information bureaus and third-party sources from which the Insurance Company has sought information about Plaintiff and/or Assignors and for each such information bureaus or third-party source state the exact information requested and the information obtained.

14.     Disclose with specificity sufficient to effect service of process the identity of all information bureaus and third-party sources to which the Insurance Company has provided any information about Plaintiff and/or Assignors and for each such information bureau or third-party source state the exact information provided.

15.     List all payments by the Insurance Company to, or on behalf of Plaintiff and/or the Assignors, stating the amount of payment, the date of payment, the exact coverage for which payment was made (e.g. damage to personal property), and for persons or entities other than Plaintiff and/or Assignors, the name and address of the person or entity to whom payment was made.

16.     Please identify each deductible that you assert is applicable. Your answer to this interrogatory should set forth the amount(s) of each deductible, a factual basis for this deductible and/or the manner in which it was calculated and cite to specific policy language supporting the claims deductible.

17.     Please state the basis in the insurance policy, in relation to the facts and applicable law, for your failure to pay the entire amount of the insurance claim presented by Plaintiff.

18.     Please identify each document upon which you rely as a basis for your failure to pay the insurance claim at the entire amount claimed by Plaintiff, with sufficient particularity to allow their description in a Request for Production.

19.     Please identify the name, address, and telephone numbers of all witnesses who have knowledge of the basis for or facts and circumstances giving rise to each of your defenses to the insurance claim and any Affirmative Defenses raised or to be raised by you.

20.     Please identify all written policies, manuals or written communications setting forth the Insurance Company's practices, procedures, or policies relating to the handling of property damage claims and those used or available to be used for the insurance claim. Please identify the documents with sufficient particularity to enable Plaintiff to propound a Request for Production accordingly.

21.     Please identify all written policies, manuals or written communications setting forth the Insurance Company's practices, procedures, or policies relating to the handling of insurance claims for payment of bills submitted by water remediation companies (such as Plaintiff) which are brought under an assignment of benefits. Please identify the documents with sufficient particularity to enable Plaintiff to propound a Request for Production accordingly.

22.     Please provide a detailed description of the particular procedure or investigation that was pursued to evaluate and process the insurance claim including the evaluation of the Insurance Company's position on Plaintiff's damages.

23.     Was this procedure or investigation described in response to the preceding interrogatory normal or unusual? If the procedure or investigation was not normal or usual, please explain in what respect the procedure or investigation concerning the insurance claim deviated from the normal or usual procedure or investigation.

24.     If the insurance claim was reviewed by the regional and/or home office, identify each person in that office who reviewed the file and that person's supervisor.

25.     Please identify the corporate representative of the Insurance Company with the most knowledge as to the following:

a.  The factual basis for your affirmative defenses to the Complaint.

b.  The factual basis for each term, condition, exclusion, limitation and/or provision of the insurance policy that you assert is applicable to the insurance claim.

c.  All inspections of the property both before and after the loss that is the subject of the Complaint.

d.  Your responses to the discovery requests served in this action.

e.  Your adjustment of the insurance claim.

GEOVERA SPECIALTY INSURANCE COMPANY


By_____

Title_____

STATE OF _____

COUNTY OF_____

　　　　Sworn to and subscribed before me this _____ day of_____, 2019, by_____ as _____ of DEFENDANT, who is personally known to me or who has produced _____as identification.


_____
Notary Public


_____
Name of Notary (Typed, Printed or Stamped)

My Commission Expires:

**IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA**

SFR SERVICES L.L.C.
(a/a/o John Braun and
Barbara Braun),

CASE NO.: 2019-CA-002397

       Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE COMPANY,

       Defendant.

_____/

## NOTICE OF APPEARANCE AND NOTICE OF DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

     Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, hereby gives notice that David R. Terry, Jr., Esquire and Holly M. Johnson, Esquire with the law firm of Simon, Reed & Salazar, P.A., 7208 West Sand Lake Road, Suite 302, Orlando, Florida 32819 are counsel of record. All pleadings, notices, filings, and motions, etc. should be served upon Mr. Terry and Ms. Johnson as counsel for the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY. In addition, in accordance with Florida Rule of Civil Procedure 1.080 the law firm Simon, Reed, & Salazar P.A., hereby designate their Primary and Secondary e-mail addresses and requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on it at the Primary and Secondary e-mail addresses listed below, with such service electronically through E-Portal and e-mail complying with Rule 2.516(b)(1)(E).

| **PRIMARY** | **SECONDARY** |
|---|---|
| David R. Terry, Jr., Esq. <br> dterry@simonreedlaw.com <br><br> Holly M. Johnson, Esq. <br> hjohnson@simonreedlaw.com | Daniel Vega <br> dvega@simonreedlaw.com <br><br> Haley A. Hale <br> hhale@simonreedlaw.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically and was sent by e-mail from the Florida Courts' E-filing Portal system, on this the 7th day of June 2019 and served upon Paris R. Webb, Esq., paris@insurancelawyers.org, eservice@insurancelawyers.org, Arnesen Webb, P.A.

**SIMON, REED & SALAZAR, P.A.**
*Attorneys for Defendant*
*GeoVera Specialty Insurance Company*
7208 West Sand Lake Road
Suite 302
Orlando, Florida 32819
Tel.: (407) 901-9265
Fax: (407) 650-3384

By: _____
DAVID R. TERRY, JR.
Florida Bar No. 785091
Primary e-mail: dterry@simonreedlaw.com
Secondary e-mails: dvega@simonreedlaw.com
hhale@simonreedlaw.com
HOLLY M. JOHNSON
Florida Bar No. 0092792
Primary e-mail: hjohnson@simonreedlaw.com

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA**

CASE NO.:  2019-CA-002397

SFR SERVICES LLC (A/A/O JOHN
BRAUN AND BARBARA BRAUN),

      Plaintiffs,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
AND MOTION TO STRIKE
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GEOVERA"),
files its Motion to Dismiss and Motion to Strike the Complaint that Plaintiff, SFR
SERVICES LLC ("SFR"), as purported assignee of John Braun and Barbara Braun
(collectively referred to as "the Brauns") filed, stating as follows:

**Motion to Dismiss
For Failure to Attach Necessary Instrument**

1.      According to Paragraphs 4 and 7 of SFR's Complaint, SFR alleged that a
policy of insurance was in full force and effect at the time of the alleged cause of action.

2.      SFR, however, failed to attach a complete copy of the alleged policy that
was in full force and effect as required by Rule 1.130(a), *Florida Rules of Civil Procedure*.

3.      Rule 1.130(a), *Florida Rules of Civil Procedure*, states in relevant part:

> *(a)* ***Instruments Attached.***   *All bonds, notes, bills of
> exchange, contracts, accounts, or documents upon
> which action may be brought or defense made, or a copy*

> *thereof or a copy of the portions thereof material to the pleadings, <u>shall</u> be incorporated in or attached to the pleading.... (Emphasis added.)*

.   .   .

4.      *Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So. 2d 489, 500 (Fla. 4th DCA 2001) held that "[w]hen a party brings an action based upon a contract and fails to attach a necessary exhibit under *Rule 1.130(a)*, the opposing party may attack the failure to attach a necessary exhibit through a motion to dismiss."

5.      Furthermore, *SAFECO Ins. Co. of America v. Ware*, 401 So. 2d 1129, 1130 (Fla. 4th DCA 1981) further stated that "a complaint based on a written instrument...does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the pleading in question."

6.      In the underlying case, because the instrument in question pertains to a policy of insurance that GEOVERA allegedly issued to the Brauns, GEOVERA moves to dismiss for SFR's failure to state a cause of action as per Rule 1.140(b)(6), *Florida Rules of Civil Procedure*.

<u>**Motion to Strike**</u>
<u>**References to Chapter 627, *Florida Statutes***</u>

7.      SFR's Complaint refers to Chapter 627, *Florida Statutes*, specifically: its plea to recover attorney's fees under Section 627.428.  *See Paragraph 15 of SFR's Complaint.*

8.      However, given that GEOVERA is a surplus lines insurance carrier, Chapter 627, *Florida Statutes*, as a whole does not apply to GEOVERA. *See **Exhibit "1"** for a copy of the website printout from the Florida Office of Insurance Regulation, identifying GEOVERA as a surplus lines carrier.*

9.      Rule 1.140(f), *Florida Rules of Civil Procedure,* allows this Honorable Court to "strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time." Then, according to Section 626.913, *Florida Statutes*, "the provisions of chapter 627 do not apply to surplus lines insurance…."

10.     The Honorable Susan C. Bucklew confronted a similar situation relative to a Florida sinkhole insurance claim that the carrier ultimately removed on the basis of diversity.  In *Lumpuy v. Scottsdale Ins. Co.*, 2011 U.S. Dist. LEXIS 158025 (M.D. Fla. November 30, 2011), Judge Bucklew granted the carrier's "motion to strike the references to Chapter 627 of the Florida Statutes from the Amended Complaint." *Id.* at *2. Even though she addressed the rather "messy" exchange between the parties regarding this issue, she inferred that her review of the "Florida Surplus Lines Service's website" sufficiently substantiated the carrier's position when granting the motion.

11.     In an attempt to make things less "messy" in this case, GEOVERA has demonstrated – via the website printout (a public records document) – that it is a surplus lines carrier.  Consequently, Chapter 627, *Florida Statutes* (including that of Section 627.428) does not apply to GEOVERA.

12.     Therefore, GEOVERA moves to strike any such express and implied requests for relief relative to Chapter 627 pursuant to Rule 1.140(f), *Florida Rules of Civil Procedure*.

**WHEREFORE**, GEOVERA respectfully requests that this Honorable Court:

(a) **<u>GRANT</u>** its Motion to Dismiss for SFR's failure to attach a copy of the applicable policy as a "necessary instrument;"

(b) **<u>GRANT</u>** its Motion to Strike for improper references to Chapter 627,

*Florida Statutes*; and

(c) **<u>GRANT</u>** any other relief this Honorable Court deems proper.


<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document was

filed electronically and was sent by e-mail from the Florida Courts' E-filing Portal system,

on June 18, 2019, and served upon Paris R. Webb, Esq., paris@insurancelawyers.org,

eservice@insurancelawyers.org, Arnesen Webb, P.A.


**SIMON, REED & SALAZAR, P.A.**
*Attorneys for Defendant*
*GeoVera Specialty Insurance Company*
7208 West Sand Lake Road
Suite 302
Orlando, Florida 32819
Tel.: (407) 901-9265
Fax: (407) 650-3384


By: _____

DAVID R. TERRY, JR.
Florida Bar No. 785091
Primary e-mail:
dterry@simonreedlaw.com
Secondary e-mails:
dvega@simonreedlaw.com
hhale@simonreedlaw.com
HOLLY M. JOHNSON
Florida Bar No. 0092792
Primary e-mail:
hjohnson@simonreedlaw.com

**EXHIBIT "1"**

Search

# Company Directory: Search Results

*This information is current as of 3/1/2019*

## GEOVERA SPECIALTY INSURANCE COMPANY

| | |
|---|---|
| FEIN | 52-1903270 |
| Florida Company Code | S1238 |
| NAIC Company Code | 10182 |
| Company Type | SURPLUS LINES |
| Home State | DE |
| Web Site | [http://WWW.GEOVERASPECIALTY.COM](http://WWW.GEOVERASPECIALTY.COM) |
| Authorization Type | LETTER OF ELIGIBILITY |
| Authorization Status | ACTIVE |
| First Licensed in Florida Date | 09/21/1995 |

### Addresses

| Type | Address | Phone |
|---|---|---|
| ADMINISTRATIVE | 1455 OLIVER ROAD, FAIRFIELD CA 94534-3472 United States | (800) 785-2658 |
| HOME | 251 LITTLE FALLS DRIVE, WILMINGTON DE 19808 United States | |
| MAILING | 1455 OLIVER ROAD, FAIRFIELD CA 94534-3472 United States | (707) 863-3664 |
| CLAIMS WEBSITE | | (800) 631-6478 |
| LOCATION OF RECORDS | 1455 OLIVER ROAD, FAIRFIELD CA 94534-3472 United States | (800) 785-2658 |

### Authorized Lines of Business

| Line of Business | Type |
|---|---|
| SURPLUS LINES PROPERTY & CASUALTY 626.918 (2)(B) | DIRECT AND REINSURANCE |

Go Back

## DISCLAIMER

The Florida Office of Insurance Regulation ("Office") provides access to company and other information on this Web site as a public service. Although reasonable efforts have been made to ensure that all electronic information made available is current, complete and accurate, the Office does not warrant or represent that this information is current, complete and accurate. All information is subject to change on a regular basis, without notice.

The Office assumes no responsibility for any errors in the information provided, nor assumes any liability for any damages incurred as a consequence, directly or indirectly, of the use and application of any of the contents of the Office Web site. Unless otherwise noted on an individual document, file, webpage or other Web site item, the Office grants users permission to reproduce and distribute all information available on this website for non-commercial purposes and usage, as long as the contents remain unaltered and as long as it is noted that the contents have been made available by the Florida Office of Insurance Regulation.

Any electronic information or inquiries that the Office receives from a Web site user shall not be considered as, or treated as, confidential.

The inclusion of, or linking to, other web site URLs does not imply our endorsement of, nor responsibility for, those web sites, but has been done as a convenience to our Web site visitors.

## EXAMPLES

The Office of Insurance Regulation company search does not require you to know exactly how Office of Insurance Regulation has the company's name recorded. It will take your input and return every name that contains your input as it appears in any part of all records. In other words, if your search is:

*Floricorp*

then the search will return all the names that have "Floricorp" in any part of the record. For example:

FLORICORP, INC.
FLORICORP PROPERTY AND CASUALTY COMPANY
SOUTHERN FLORICORP UNLIMITED

If you entered

*Floricorp P*

you would get only

FLORICORP PROPERTY AND CASUALTY COMPANY

Note that even though the whole name is searched, the service still looks for an exact match. So if you entered

*FLORICORP,*

(i.e., with a comma) you would only get

FLORICORP, INC.